UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA A. PERRY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | NO. C2:14-CV-00206-BJR-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

　　(X) Disability Insurance

　　( ) Supplemental Security Income

Plaintiff's:

　　Sex: Female

　　Age: 50 at alleged onset date, 52 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: Inflammatory arthritis and Hepatitis C

Disability Allegedly Began: January 1, 2011

Principal Previous Work Experience: Home health attendant, childcare provider, warehouse worker, and billing clerk

Plaintiff Last Worked: At the time of the hearing she works ten hours per week as a home healthcare provider.

Education Level Achieved by Plaintiff: She has a Bachelor's degree in health science.

REPORT AND RECOMMENDATION - 1

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Ruperta Alexis:

    Date of Hearing: August 28, 2012, hearing transcript AR 32-63

    Date of Decision: October 26, 2012

    Appears in Record at:  AR 17-26

    Summary of Decision:

        Claimant has worked some part-time hours but has not engaged in substantial gainful activity since her alleged onset date; she has severe impairments of inflammatory arthritis and Hepatitis C.  Her impairments, even in combination, do not qualify under the Listings.

        She has the RFC to perform light work but is limited to occasional fingering and handling bilaterally, and occasional pushing and pulling of foot controls.

        She cannot perform her past relevant work.  Testimony of a vocational expert indicates there are jobs she can perform including laminating machine off-bearer and blending tank helper.  This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: December 9, 2013

    Appears in Record at: AR 1-4

    Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand to the ALJ for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

## SUMMARY OF RECOMMENDATION

There is merit to some of Plaintiff's assignments of error, particularly that the ALJ did not provide sufficient reasons to dismiss the opinion of treating physician Dr. Shaul. In light of that error, the ALJ's dismissal of environmental limitations opined by reviewing physicians Drs. Thuline and Hale is also in error. Proper crediting of these medical opinions would change Plaintiff's RFC. The court should therefore remand the case for the ALJ to credit-as-true the opinions of Drs. Shaul, Thuline and Hale. The ALJ should then make a new determination of RFC. Finally, the ALJ should make a new "other work" determination at step five, securing the testimony of a VE.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.

## EVALUATING DISABILITY

The claimant, Ms. Perry bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do his previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

REPORT AND RECOMMENDATION - 3

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## ISSUES ON APPEAL

1. Did the ALJ err in assessing the opinions of treating physician, Dr. Shaul?
2. Did the ALJ err in assessing the opinions of reviewing physicians?
3. Did the ALJ err in finding jobs Plaintiff could perform?
4. Were the ALJ's errors harmless?

Dkt. No. 11.

## DISCUSSION

***Treating Physician, Dr. Shaul***

Dr. Shaul was Plaintiff's primary, treating physician since 2005. Dr. Shaul opined she would not be able to work due to limitations from her arthritis and other impairments, including that her symptoms include chronic pain, are episodic in nature, worsening, and debilitating. AR 600-03.

As a treating physician, Dr. Shaul's opinion is generally entitled to controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Id*. at 830-31; *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Dr. Shaul's opinion is contradicted by the opinion of nonexamining, reviewing medical consultant Dr. Thuline who found Plaintiff

capable of light work. AR 24.  Therefore, the ALJ must provide specific and legitimate reasons for rejecting Dr. Shaul's treating-physician opinion.

The ALJ gave Dr. Shaul's opinion "little weight" first, because: "Dr. Shaul did not give a sufficient explanation of the claimant's specific functional limitations" referring to (Ex.6F/2) [AR 524].  However, the record the ALJ cites to is not from Dr. Shaul.  The record is a July 2012 treatment report from Occupational Therapist, Nancy E. Skaale.  AR 523-26.  Neither Plaintiff's nor Defendant's briefs caught this error and argued accordingly.  Ms. Skaale's report gives objective test results for gripping, pinching and flexing; indicating some reduced grip strength and pain.  Functional limitations are noted by Ms. Skaale (not Dr. Shaul) as "no strength, a lot of pain limits most everything."  AR 524.  Thus, this is not a legitimate reason to discount Dr. Shaul's opinion; it is a treatment report from another provider giving objective test results that support Dr. Shaul's opinion.

Next, the ALJ notes Dr. Shaul's opinion of August 2012, given by sworn declaration. AR 600-03.  The declaration includes a detailed explanation of Dr. Shaul's opinion as to Plaintiff's symptoms and limitations and the medical evidence the doctor relies on.  The ALJ gave Dr. Shaul's opinion "little weight" because "treatment records…do not support severe swelling and reduced grip strength, and the neurological exams of her hands and lower extremities have been normal more often than not [AR 446, 305, 518-20]."

The evidence the ALJ cites does not support the ALJ's reasoning.  And Defendant's argument in support of the ALJ's reasoning is not helpful as it is based on an incorrect description of facts, again arguing the wrong providers.  Defendant argues "The ALJ gave little weight to [Dr. Shaul's opinion regarding limitations, AR 600-03], because she found that it was not supported by Dr. Shaul's treatment records, which revealed multiple normal neurological examinations of Plaintiff's hands and lower extremities (Tr. 24, 305, 446, 518-

REPORT AND RECOMMENDATION - 5

20).″ This is incorrect because Defendant's citation to Dr. Shaul's purported treatment records are medical records from *other* providers, not from Dr. Shaul.  AR 305 is from Dr. Schoen; AR 446 is Nurse Galvin; AR 518-20 is from Dr. Niebulski.  Thus, the records cannot be cited as a "discrepancy between a treating source's medical opinion and the source's own treatment notes [as] a clear and convincing reason" under *Bayliss*, as Defendant argues.  See Dkt. 14, lines 14-24.

Regardless, this same evidence cited by the ALJ does not support the ALJ's (or Defendant's) reasoning.  First, Dr. Schoen, a rheumatologist, opined the intermittent nature of her arthritis flares and lack of relief from treatment suggest she has viral arthritis caused by hepatitis C, which he noted would explain her musculoskeletal pain despite a "relatively normal exam" that day.  AR 305.  This supports Dr. Shaul's opinion regarding her arthritic "flare-ups" and their probable relation to Hepatitis C.  AR 601.  Next the ALJ cites ARNP Mary Galvin, a gastroenterology nurse who examined Plaintiff relative to her Hepatitis C.  AR 446.  Ms. Galvin noted "chronic arthralgias" which she opined began during her Hepatitis treatment, noting that she had no joint swelling that day, that Plaintiff was a partial/nonresponder to hepatitis treatment, and recommending a liver biopsy to help guide future treatment.  This evidence also does not provide a basis for discounting Dr. Shaul.  Finally, the ALJ cites a report from Dr. Niebulski, a radiologist, who examined images of Plaintiff's right wrist regarding an injury and opined it was symptomatic with some abnormality, but not fractured.  AR 518.  None of the cited evidence legitimately supports the ALJ's reasoning that Plaintiff's examinations "have been normal more often than not" and that the record does not support "severe swelling and reduced grip strength."  Ironically, the first opinion the inadvertently ALJ cites, that of occupational therapist Ms. Skaale, gives objective test results of reduced grip strength that appear to support Dr. Shaul's opinion.

REPORT AND RECOMMENDATION - 6

These opinions are not substantial evidence to overcome the deference to which a treating physician is entitled.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians. *See* 20 C.F.R. § 404.1527. If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] **controlling weight**." *Id*. § 404.1527(d)(2).")(emphasis added).  Also, the additional factors cited in *Orn* appear to weigh in favor of crediting Dr. Shaul's opinion—he has had a frequent and lengthy treating relationship with Plaintiff since 2005 and has provided detailed knowledge of her impairment.  *See* 20 C.F.R. § 404.1527(c)(2)(i)-(ii).

The ALJ does not provide legally sufficient reasons for not fully crediting Dr. Shaul's opinion; therefore, this court and the Commissioner should credit Dr. Shaul's opinion in this regard as true.  *See Garrison v. Colvin*, _F.3d_ (9th Cir. 2014) WL 3397218 at *20 ("…the credit-as true rule applies to medical opinion evidence, not only claimant testimony.") (citations omitted).

Additionally, Dr. Shaul's subsequent declaration of January 2013 was submitted to the Appeals Council and is now a part of the record.  *See Brewes v. Comm'r. Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").  The declaration provides clarification and support for Dr. Shaul's first declaration.  AR 609-10.  On remand, the ALJ should also consider this declaration.

REPORT AND RECOMMENDATION - 7

*Drs. Thuline and Hale*

The ALJ placed "great weight" on the opinions of Dr. Thuline, a state agency reviewing physician, who opined Plaintiff would be capable of light work. AR 24. Dr. Thuline did not examine Plaintiff but reviewed her medical records. AR 77-79. Dr. Hale concurred with Dr. Thuline's assessment. AR 68-70. The ALJ gave deference to Dr. Thuline's opinion except not the opined environmental limitations of avoiding extreme temperatures, vibrations, and hazards (including machinery), reasoning that aspect of the opinion "is not prevalent in the medical evidence of record and is thus given little weight." AR 24. Plaintiff argues the ALJ's failure to adopt the opined limitation avoiding concentrated exposure to hazards such as machinery is in error. Plaintiff asserts this is significant because both of the jobs the vocational expert found she could perform involve working with machinery. The ALJ reasons that the environmental limitations are not "prevalent" in the record. However, crediting Dr. Shaul's opinion, as discussed above, leads to finding Plaintiff is limited in the use of her hands, shoulders, hips, and ankles during her episodic flare-ups. AR 602. Thus, crediting Dr. Shaul's opinion gives support in the record for the environmental limitations opined by Drs. Thuline and Hale. Therefore, the ALJ's dismissal of their opinion in this regard is not based on substantial evidence and is in error. On remand, the ALJ should credit-as-true this aspect of the opinion, that Plaintiff has environmental limitations regarding temperatures, vibrations, and hazards such as heights and machinery, as opined by Drs. Thuline and Hale. *See Garrison, supra.*

///

///

///

REPORT AND RECOMMENDATION - 8

*Number of Jobs*

Plaintiff asserts that even the addition of the numbers of jobs of laminating machine off-bearer and blending tank helper, which equal 13,800 jobs combined, does not equate to a significant number of jobs in the national economy as required by 20 C.F.R. §404.1560(c)(1).

The Ninth Circuit has not established a bright line rule for what constitutes a "significant number" of jobs. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2010). However, in *Gutierrez v. Comm'r. of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014), the Court found that 25,000 national jobs was sufficient although a "close call." The Court also noted "…one other circuit court has found fewer than 25,000 national jobs to be significant. *See Johnson, 108 F.3d at 180* (10,000 national jobs significant)." *Id*.

But, as discussed above, crediting the opinions of treating physician Dr. Shaul and the environmental restrictions opined by Drs. Thuline and Hale, significantly changes Plaintiff's RFC. On remand, the ALJ should reassess the RFC and consult a vocational expert to re-determine whether there are any jobs Plaintiff could perform. Therefore, the number of jobs issue is not relevant here.

*The ALJ's errors were harmful.*

The errors in the ALJ's decision affected the RFC determination. The ALJ did not include limitations opined by treating physician Dr. Shaul, or environmental limitations opined by reviewing Drs. Thuline and Hale. On remand, once the ALJ credits as true the opinions of the doctors as discussed above, and makes a new determination as to Plaintiff's RFC, the ALJ must make a new determination as to "other work" at step five. The ALJ should secure the testimony of a vocational expert in deciding whether there are other jobs Plaintiff could perform, given the new RFC.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect the parties' right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 16th day of September, 2014.

*[signature]*

JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10